IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHARLESTOWN, INDIANA,<br>CHARLESTOWN BOARD OF PUBLIC WORKS AND SAFETY,<br>G. ROBERT HALL INDIVIDUALLY AND AS MAYOR OF CHARLESTOWN, INDIANA,<br>M. ANTHONY JACKSON INDIVIDUALLY AND AS BUILDING COMMISSIONER,<br>ERIC VAUGHN INDIVIDUALLY AND AS A MEMBER OF THE CHARLESTOWN CITY COUNCIL,<br>TED LITTLE INDIVIDUALLY AND AS A MEMBER OF THE CHARLESTOWN CITY COUNCIL,<br>MIKE VAUGHN INDIVIDUALLY AND AS A MEMBER OF THE CHARLESTOWN CITY COUNCIL,<br>BRIAN HESTER INDIVIDUALLY AND AS A MEMBER OF THE CHARLESTOWN CITY COUNCIL,<br>GEORGE ROBERTS INDIVIDUALLY AND AS A MEMBER OF THE PLEASANT RIDGE REDEVELOPMENT COMMISSION,<br>CHARLESTOWN INDIANA REDEVELOPMENT COMMISSION,<br>F & J APARTMENTS, LLC,<br>BROWN RENTAL PROPERTIES, LLC,<br>COOLEY PROPERTY MANAGEMENT LLC,<br>GREGORY DEVELOPMENTS, LLC,<br>JOSH GREGORY,<br>GREGORY YEAGER,<br>MATTHEW SHULTZ,<br>KENNETH T. WESTMORELAND, JR.,<br>MICHELLE R. WESTMORELAND,<br>CHARLESTOWN PLEASANT RIDGE NEIGHBORHOOD ASSOCIATION CORPORATION, | ) | Case No. 4:19-cv-47<br><br>**<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>** |

| | |
|---|---|
| JOSHUA CRAVEN, | ) |
| TINA BARNES, | ) |
| DAVID KEITH, | ) |
| ELLEN KEITH, and | ) |
| BOLDER PROPERTIES, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff, U.S. Specialty Insurance Company, by counsel, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 201 and Fed. Rule of Civil Procedure 57, states as follows:

## I. JURISDICTION AND VENUE

1. U.S. Specialty Insurance Company ("U.S. Specialty") is an insurance company organized under the laws of the state of Texas with its principal office located at 13403 Northwest Freeway, Houston, Texas. It is a citizen of Texas.

2. The City of Charlestown (the "City") is an Indiana municipality. It is a citizen of Indiana pursuant to *Illinois v. City of Milwaukee*, 406 U.S. 91 (1972).

3. Charlestown Board of Public Works and Safety is a department of the City and is a citizen of Indiana.

4. G. Robert Hall, individually and as Mayor of Charlestown, is a resident of Charlestown, Clark County, Indiana and is a citizen of Indiana.

5. M. Anthony Jackson individually, and as Building Commissioner, is a resident of Washington County, Indiana and is a citizen of Indiana.

6. Eric Vaughn, individually and as a Member of the Charlestown City Council, is a resident of Clark County, Indiana and is a citizen of Indiana.

7. Ted Little, individually and as a Member of the Charlestown City Council, is a resident of Clark County, Indiana and is a citizen of Indiana.

8. Mike Vaughn, individually and as a Member of the Charlestown City Council, is a resident of Clark County, Indiana and is a citizen of Indiana.

9. Brian Hester, individually and as a Member of the Charlestown City Council, is a resident of Clark County, Indiana and is a citizen of Indiana.

10. George Roberts, individually and as a Member of the Pleasant Ridge Redevelopment Commission, is a resident of Clark County, Indiana and is a citizen of Indiana.

11. Charlestown Indiana Redevelopment Commission is a department of the City and is a citizen of Indiana.

12 F & J Apartments, LLC ("F&J") is an Indiana limited liability company with a principal business address in Clark County, Indiana, and is owned by James L. Woods, a resident of Clark County, Indiana. It is a citizen of Indiana.

13. Brown Rental Properties, LLC ("Brown") is an Indiana limited liability company with a principal business address in Clark County, Indiana, and is owned by Thomas J. Brown, a resident of Clark County, Indiana. It is a citizen of Indiana.

14. Cooley Property Management LLC ("Cooley") is an Indiana limited liability company with a principal business address in Floyd County, Indiana, and is owned by Steven Cooley and Heather Cooley, residents of Floyd County, Indiana. It is a citizen of Indiana.

15. Gregory Developments, LLC ("Gregory Developments") is an Indiana limited liability company with a principal business address in Clark County, Indiana, and is owned by Josh Gregory, a resident of Clark County, Indiana. It is a citizen of Indiana.

16. Josh Gregory is a resident of Clark County, Indiana, and is the owner of Gregory Development. He is a citizen of Indiana.

17. Gregory Yeager is a resident of Clark County, Indiana. He is a citizen of Indiana.

18. Matthew Shultz is a resident of Clark County, Indiana. He is a citizen of Indiana.

19. Kenneth T. Westmoreland, Jr. and Michelle R. Westmoreland are husband and wife and are residents of Jefferson County, Kentucky. They are citizens of Kentucky.

20. Charlestown Pleasant Ridge Neighborhood Association Corporation is a non-profit corporation organized under the laws of Indiana with its principal office located in Indiana. It is a citizen of Indiana.

21. Joshua Craven is a resident of Clark County, Indiana. He is a citizen of Indiana.

22. Tina Barnes is a resident of Clark County, Indiana. She is a citizen of Indiana.

23. David Keith and Ellen Keith are residents of Clark County, Indiana. They are citizens of Indiana.

24. Bolder Properties, LLC is an Indiana limited liability company solely owned and controlled by Ann Eldridge, who is a resident of Clark County, Indiana. It is a citizen of Indiana.

25. The amount in controversy exceeds $75,000 exclusive of interest and costs.

26. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff U.S. Specialty is a citizen of Texas and all of the Defendants are citizens of either Indiana or Kentucky.

27. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district.

## II. CLAIM FOR DECLARATORY RELIEF

28. On January 11, 2017, Charlestown Pleasant Ridge Neighborhood Association ("Association" or "Pleasant Ridge") filed a Complaint against the City and its Board of Public Works and Safety in the Circuit Court of Clark County as Cause Number 10C02-1701-CT-000010 (the "Association Action"). The Association's Complaint was amended on February 2, 2017 to add Craven, Barnes, the Keiths and Bolder Properties as Plaintiffs. A true and accurate copy (without exhibits) of the Association's First Amended Complaint (the "Association's Amended Complaint") is attached hereto as Exhibit A.

29. The Association's Amended Complaint alleges that in 2016, the City began creating "ordinances, resolutions, policies, practices, and customs designed to advance its official policy of destroying Pleasant Ridge and redeveloping the entire neighborhood from scratch" which ordinances, resolutions, policies, practices and customs targeted Pleasant Ridge property owners "with official inspections…citations…for alleged deficiencies in the property under the property-maintenance code, and exorbitant fines for those alleged deficiencies" and that the City's purpose of the use of code enforcement and fines was to "force property owners to sell to a private developer."

30. The Association's Amended Complaint also alleges that the City was using code enforcement and fines "as a pretext for implementing a redevelopment scheme that is blatantly illegal under Indiana eminent-domain law" to force homeowners to sell their properties and in doing so has acted without legal authority, retaliated for protected speech, imposed excessive fines, performed unreasonable searches and violated the due process and equal protection provisions of the Constitutions of the United States and Indiana.

31. The Association's Amended Complaint seeks injunctive and declaratory relief and "nominal damages" for constitutional violations, and attorneys' fees and costs.

32. On January 19, 2018, F&J, Brown, Cooley, Gregory Developments, Josh Gregory, Greg Yeager, Matthew Shultz, and Kenneth T. Westmoreland, Jr. and Michelle R. Westmoreland filed a lawsuit in the Southern District of Indiana against the City of Charlestown, Indiana (and some of its officials and divisions) and Neace Ventures, LLC (and some of its officers) under Case No. 4:18-cv-00010-SEB-TAB (the "F&J Action"). The Plaintiffs in the F&J Action filed an Amended Complaint on February 9, 2018 and a Second Amended Complaint on July 13, 2018. A true and accurate copy of the Plaintiffs' Amended Complaint (2nd) in the F&J Action (the "F&J Second Amended Complaint") is attached hereto as Exhibit B.

33. The F&J Second Amended Complaint also alleges that the City engaged in an illegal fining scheme to force property owners to sell their properties to a private redevelopment company.

34. The F&J Second Amended Complaint alleges the City's scheme violated the equal protection clause of the 14th Amendment, constituted a conspiracy to deprive the plaintiffs in that action of equal protection, constituted a conspiracy to violate the Hobbs Act, and constituted a conspiracy for abuse of process and civil conversion.

35. U.S. Specialty issued Policy Number PKG80210701 to the City of Charlestown for the period November 10, 2016 to November 10, 2017 (the "2016 Policy"). A true and accurate certified copy of the 2016 Policy (with premium information redacted) is attached as Exhibit C.

36. The Policy was renewed as PKG80310701 for the period November 10, 2017 to November 10, 2018 (the "2017 Policy"). A true and accurate certified copy of the 2017 Policy

(with premium information redacted) is attached as Exhibit D. The 2016 and 2017 Policies will be collectively referred to herein as "the Policies."

37. The Policies contained the following relevant provisions under the General Liability Coverage Form (GL Form):

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * *

**SECTION I - COVERAGES**

**A. COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURING AGREEMENT**

**1.** We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages", even if the allegations of such "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . .

**2.** This insurance applies to "bodily injury" and "property damage" only if:

**a.** The "bodily injury" or "property damage" is caused by an "occurrence" arising out of your operations that takes place in the "coverage territory";

**b.** The "bodily injury" or "property damage" occurs during the Policy Period listed in the Declarations; and

**c.** Prior to the Policy Period, no insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If any insured knew, prior to the Policy Period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the Policy Period will be deemed to have been known prior to the Policy Period.

* * *

**B. COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY INSURING AGREEMENT**

**1.** We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages", even if the allegations of such "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking "damages" for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . .

* * *

**C. EXCLUSIONS – COVERAGES A AND B**

This insurance does not apply to "damages", claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

* * *

**16. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

* * *

**41. Zoning, Regulation And Permissive Use Of Property**

The taking, partial taking temporary taking, control of property, or resulting diminution of property value by any means, method or proceeding, including but not limited to, zoning decisions, building code decisions, and permitting decisions, however characterized, and public officials' acts that involves or are in any way relating to, the principles of eminent domain, condemnation, inverse condemnation, adverse possession, right of prescription or dedication by adverse use or zoning, building code or permitting decisions.

* * *

**SECTION V – DEFINITIONS**

* * *

**D. "Bodily injury"** means injury to the physical body, sickness, disease and death, resulting from any of these at any time, and if arising out of the foregoing, mental anguish or mental injury.

* * *

**U. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**V. "Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment**;**
2. Malicious prosecution;
3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
4. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
5. Oral or written publication, in any manner, of material that violates a persons' right of privacy;
6. The use of another's advertising idea in your "advertisement"; or
7. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**Z. "Property damage"** means:

**1**. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**2.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, "electronic data" is not tangible property

**AA. "Suit"** means, a civil proceeding in which "damages" because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**1.** An arbitration proceeding in which such "damages" are claimed and to which the insured must submit or does submit with our consent; or

**2.** Any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our consent.

38. The Association's Amended Complaint and the F&J Second Amended Complaint (collectively, "the Complaints") do not allege "property damage" caused by an "occurrence" falling within the general insuring agreement and definitions of the GL Form and/or allege damages expected or intended from the standpoint of the insured and are not covered under Coverage A of the GL Form.

39. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving the taking, partial taking, temporary taking or control of property by decisions or acts that involve building code decisions, …however characterized, so that Exclusion 41 of the GL Form applies to preclude coverage under Coverage A of the GL Form.

40. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving public officials' acts that involve or are in any way relating to, the principles of eminent domain, condemnation, inverse condemnation, adverse possession, right of prescription or…building code…decisions, so that Exclusion 41 of the GL Form applies to preclude coverage under Coverage A of the GL Form.

41. Coverage for the Association Action and the F&J Action is also precluded by Exclusion 16 of the GL Form – the Expected or Intended Injury Exclusion.

42. The Complaints do not allege personal advertising injury falling within the Coverage B of the GL Form.

43. The Policies contained the following relevant provisions under the Public Officials Liability Coverage Form (POL Form):

**SECTION I - COVERAGE**

**A. Insuring Agreement**

**1.** We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "public officials wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages", even if the allegations of such "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may, at our discretion, investigate any "public officials wrongful act" and settle any "claim" or "suit" that may result. But:

**a.** The amount we will pay for "damages" is limited as described in **SECTION IV –LIMITS OF INSURANCE**; and

**b.** Our right and duty to defend end when we have used up the applicable limit of insurance in payment of judgments or settlements for "damages".

**2**. This insurance applies to "damages" only if:

**a**. The "public officials wrongful act" is committed within the "coverage territory";

**b**. The "public officials wrongful act" is first committed after the retroactive date and before the end of the Policy Period listed in the Declarations;

**c**. The "claim" for "damages" is first made against the insured during the Policy Period listed in the Declarations, or if applicable, any Extended Reporting Period provided as described in **SECTION V – EXTENDED REPORTING PERIODS**; and

**d.** The "claim" is timely reported pursuant to **SECTION VI – PUBLIC OFFICIALS LIABILITY CONDITIONS**, Paragraph **B.**

**3.** A "claim" for "damages" will be deemed to have been made at the earlier of the following times:

**a.** When the "claim" is received by any insured; or

**b.** When the "claim" is received by us.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **B. Supplementary Payments**.

* * *

**SECTION II - EXCLUSIONS**

This insurance does not apply to "damages", "claims" or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

**D. Deliberate Violation**

The deliberate violation of any federal, state or local statute, ordinance, rule or regulation; or the violation of any court order or judgment committed by or with the knowledge or consent of the insured.

* * *

**H. Fraud, Dishonesty, Bad Faith Or Criminal Act Or Omission**

An allegation of fraud, dishonesty, bad faith or criminal act or omission on the part of any insured. This exclusion also applies to criminal fines or penalties assessed against any insured.

* * *

**M. Non-Compensatory Damages**

Relief or redress in any form other than compensatory "damages", or for any fees including attorney fees, costs or expenses that the insured becomes legally obligated to pay as a result of any adverse judgment for declaratory, injunctive or other equitable relief. However, we will afford defense to the insured for a "suit" seeking declaratory, injunctive or other equitable relief in which covered monetary "damages" are also pled, if not otherwise excluded.

* * *

**O. Prior Public Officials Wrongful Act, Prior Insurance, Prior Or Pending Litigation**

**1.** Any "public officials wrongful act" which begins prior to the retroactive date; or

**2.** Any fact, circumstance, event or "public officials wrongful act" that was the subject of any notice under any other policy of insurance, whether Public Officials Liability insurance or otherwise; or

**3.** Any "claim" deriving in whole or in part, from any fact, series of facts or circumstances, or matters asserted or alleged:

- **a.** Which were known to any insured; or
- **b.** Were the subject of any prior or pending, legal action or litigation, administrative or regulatory proceeding, "claim", "suit", demand, arbitration, decree or judgment against any insured prior to the beginning of the Policy Period listed in the Declarations.

* * *

**W. Zoning, Regulation and Permissive Use Of Property**

The taking, partial taking, temporary taking, control of property or resulting diminution of property value by any means, method or proceeding, including but not limited to, zoning decisions, building code decisions, and permitting decisions, however characterized, and public officials' acts that involves or are in any way related to, the principles of eminent domain, condemnation, inverse condemnation, adverse possession, right of prescription or dedication by adverse use or zoning, building code or permitting decisions.

EXCLUSION – ANTI-TRUST

This insurance does not apply to "damages", "claims" or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the actual or alleged violation of any anti-trust laws, or any other law designed to protect trade and commerce from restraints, monopolies, price-fixing, and price discrimination.

## SECTION VII - DEFINITIONS

* * *

**C.** **"Bodily injury"** means injury to the physical body, sickness, disease and death resulting from any of these at any time. "Bodily injury" also includes mental anguish and emotional distress.

**D.** **"Claim"** means a "suit" or written demand seeking "damages" because of an alleged "public officials wrongful act".

* * *

**F.** **"Damages"** means judgments and settlements which the insured is legally obligated to pay as a result of a "public officials wrongful act" covered by this Coverage Form. "Damages" also include punitive and exemplary "damages" where insurance therefore is allowable under the applicable law.

"Damages" does not include:

1. Payment for past services rendered or work performed, and shall not include payments for the fulfillment of contractual obligations, including but not limited to providing employee benefits;
2. Any amount for which an insured is not financially liable or for which there is no legal recourse to an insured;
3. Civil or criminal fines or penalties;
4. Taxes, the reallocation of taxes, the recalculation of taxes, or the loss of tax benefits;
5. Any amount that represents or is substantially equivalent to disgorgement, restitution, or rescission damages, or forfeiture of any profits or remuneration; or
6. Matters uninsurable under the law pursuant to which this policy shall be construed.

* * *

**M. "Personal and advertising injury"** means "damages" arising out of one or more of the following offenses:

**1.** False arrest, detention or imprisonment**;**
**2.** Malicious prosecution;
**3.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
**4.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
**5.** Oral or written publication, in any manner, of material that violates a persons' right of privacy;
**6.** The use of another's advertising idea in your "advertisement"; or
**7.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**R. "Public officials wrongful act"** means:

**1.** An actual or alleged breach of duty, neglect, error, misstatement, misleading statement or omission by an insured; or
**2.** A violation of any civil right protected by federal or state law, other than arising from or in any way involving or alleging an "employment practices injury";

that arises out of the discharge of duties for the Named Insured.

* * *

The following is added to **SECTION II – EXCLUSIONS L. Law Enforcement Activities and W. Zoning, Regulation and Permissive Use Of Property**

However, this exclusion does not apply to loss due to regulatory taking of private property by the enactment or enforcement of any regulation or ordinance that unconstitutionally and temporarily restricts the use of private property.

The sublimit for regulatory taking of private property is the limit specified in the schedule above. The limits of insurance shown in the schedule above will be eroded by Supplementary Payments which include "Claims Expense".

"Claims expense" means any of the fees, costs or expenses that can be directly allocated to a specific claim or "suit", including:

**1**. Reasonable and necessary attorney fees and litigation costs;

**2**. All other fees, costs and expenses incurred in the investigation, adjustment, defense and/or appeal of any claim or "suit" by us.

"Claims expense" does not include the salaries and expenses of our "employees" or your "employees".

44. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving the taking, partial taking, temporary taking or control of property by decisions or acts that involve building code decisions,

… however characterized, that was not temporary so that Exclusion W of the POL Form applies to preclude coverage.

45. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving public officials' acts that involve or are in any way relating to, the principles of eminent domain, condemnation, inverse condemnation, adverse possession, right of prescription or … building code … decisions, so that Exclusion W of the POL Form applies to preclude coverage.

46. The Complaints allege relief or redress in any form other than compensatory "damages", or for any fees including attorney fees, costs or expenses that the insured becomes legally obligated to pay as a result of any adverse judgment for declaratory, injunctive or other equitable relief, so that Exclusion M of the POL Form applies to preclude coverage.

47. The F&J Action is a claim deriving from the same facts and circumstances as in the Association's Action which was pending prior to November 10, 2017, the beginning of the policy period of the 2017 Policy and is not covered.

48. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving the deliberate violation of any federal, state or local statute, ordinance, rule or regulation; or the violation of any court order or judgment committed by or with the knowledge or consent of the insured so that Exclusion D of the POL Form applies to preclude coverage.

49. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving an allegation of fraud, dishonesty, bad faith or criminal act or omission on the part of any insured so that Exclusion H of the POL Form applies to preclude coverage.

50. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving unjust enrichment, or gaining profit, advantage or remuneration to which the insured is not entitled so that Exclusion H of the POL Form applies to preclude coverage.

51. The Complaints allege damages, claims and suits based upon, arising out of, directly or indirectly resulting from…or in any way involving the actual or alleged violation of any anti-trust laws, or any other law designed to protect trade and commerce from restraints, monopolies, price-fixing, and price discrimination so that Exclusion Anti-Trust of the POL Form applies to preclude coverage.

52. The Policies contained the following relevant provisions under the Commercial Excess Liability Coverage Form (Excess Form):

**COMMERCIAL EXCESS LIABILITY POLICY**

* * *

**SECTION I – EXCESS LIABILITY INSURANCE**

**A. Insuring Agreement**

**1.** We will pay those sums in excess of the limits shown in Item 7 of the Declarations, Schedule of Underlying Insurance, that you become legally obligated to pay as damages because of injury or damage to which this insurance applies, provided that the "Underlying Insurance" also applies, or would apply but for the exhaustion of its applicable limits of insurance.

**2.** This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "Underlying Insurance", except:

a. We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and

b. With respect to any provisions to the contrary contained in this insurance

Under no circumstances will this coverage be broader than any "Underlying Insurance".

**3.** If any "Underlying Insurance" applies on a claims-made basis, this insurance will also apply on a claims-made basis. Any extended reporting periods that may be endorsed to any "Underlying Insurance" shall not apply to this insurance. For any supplemental extended reporting period to apply to this insurance, such extended

reporting period must be requested by you, negotiated with us and endorsed to this policy.

Regarding any "Underlying Insurance" that applies on a claims-made basis, this insurance will not apply to any injury, damage, offense or wrongful act that first arose before the Retroactive Date shown in Item 5 of the Declarations or after the end of this policy expiration date.

53. Because there is no coverage under the Underlying Insurance, there is no coverage under the Excess Form.

54. Coverage for the Association Action and the F&J Action is barred, in whole or in part, by the provisions, terms, conditions, and/or exclusions of 2016 Policy and the 2017 Policy.

55. An actual controversy has arisen regarding whether there is coverage for the City, its departments, commissions, boards, commissioners, officers, employees and council members under the Policies for the claims asserted by the Plaintiffs in the Association's Amended Complaint and by the Plaintiffs in the F&J Second Amended Complaint.

WHEREFORE, Plaintiff, U.S. Specialty Insurance Company, prays for a declaratory judgment declaring that:

1. There is no coverage for any liability the City of Charlestown, its departments, commissions, boards, commissioners, officers, employees, council members or any other insured has for any of the claims made in the Association Action or the F&J Action;

2. U.S. Specialty has no duty to defend the City of Charlestown, its departments, commissions, boards, commissioners, officers, employees, council members or any other insured in the Association Action or the F&J Action;

3. U.S. Specialty has no duty to indemnify the City of Charlestown, its departments, commissions, boards, commissioners, officers, employees, council members or

any other insured for any judgments entered against them or any of them in the Association Action or the F&J Action;

and for all other relief proper in the premises.

Dated: March 13, 2019

Respectfully submitted,

Jeffrey B. Fecht
Laura S. Reed
Attorney No. 11652-49
Jeffrey B. Fecht
Attorney No. 20875-29
RILEY BENNETT EGLOFF LLP
141 East Washington Street
Fourth Floor
Indianapolis, IN 46204
Phones: (317) 636-8000
Fax: (317) 636-8027 (Fax)
E-mail: lreed@rbelaw.com
E-mail: jfecht@rbelaw.com

*Attorneys for Plaintiff*
*U.S. Specialty Insurance Company*